DE LA TORRE & RAMÍREZ, Plaintiffs and Appellees, *v.* ROSARIO NAVAJAS-DÁVILA, Defendant and Appellant.

No. 3512. Argued April 1, 1925.—Decided July 8, 1925.

1. DEBT—ATTORNEY AND CLIENT—ATTORNEY'S FEES—PLEADING.—In an action to recover the unpaid balance of an account rendered for professional services promised to be paid on a certain date it is not necessary to itemize all and each of the services rendered.

2. ID.—ID.—ID.—ID.—ACCEPTANCE.—An allegation in a complaint that the defendant paid a certain sum on account of the bill rendered and promised to pay the balance shows that the payment and promise were made on presentation to and acceptance of the account by the defendant.

3. ID.—ID.—ID.—CONTRACT—THIRD PERSONS.—Although the obligation to pay a certain sum sued for may not appear in writing or in an authentic document, the obligation is valid if it does not affect third persons.

4. ID.—ID.—PRINCIPAL AND AGENT—PLEADING.—In a complaint alleging that the defendant and not her attorney in fact contracted the obligation and agreed to pay the sum claimed it is not necessary to set forth the authority of the attorney in fact to bind his principal.

5. APPEAL—CONTRADICTORY EVIDENCE.—When the evidence is contradictory and the trial court adjusts the conflict its findings will not be disturbed on appeal in the absence of justifiable circumstances.

6. ID.—ID.—INTEREST.—The pronouncement of a judgment that a party pay interest at the legal rate from a certain date on the amount sued for is not erroneous when the evidence shows that extrajudicial demand was made upon said party on that date for the payment of the amount.

7. ID.—ID.—COSTS—TEMERITY.—It having been shown that a party temerariously refused to pay the amount sued for, the imposition of costs upon him by the court is justified.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment for the plaintiffs in an action of debt. *Affirmed.*

*Heriberto Torres Solá* for the appellant. *José Martínez Dávila* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The professional firm of De la Torre & Ramírez, attorneys, brought an action of debt against Rosario Navajas Dávila and recovered judgment. The defendant took the present appeal, alleging as the first ground of appeal that the district court erred in overruling the demurrer to the complaint pleading failure to state a cause of action.

In the complaint it is alleged in substance that the defendant, by her general attorney in fact Baltazar Saldaña, engaged the plaintiffs to represent her in all matters concerning the judicial administration of the property of Rosario Dávila de Navajas petitioned for by Carmen Navajas; that after the said administration and its incidental proceedings had been concluded the plaintiffs rendered to the defendant on July 2, 1923, their bill for fees in the following terms: "Received from Baltazar Saldaña, as attorney in fact of Rosario Navajas Dávila, the sum of $2,000 for attorney's fees and expenses advanced in all matters in which we have been her representatives up to date, both judi-

cially in connection with the judicial administration proceedings instituted by Carmen Navajas, in the matter of Pedro Hardouing and others, and in those extrajudicial, notarial and administrative, and in conferences, consultations and other services. De la Torre & Ramírez." It is alleged also that on July 14th the said bill for fees was accepted and the defendant paid the plaintiffs on account thereof the sum of $1,000 and promised to pay the other $1,000 on the last day of the following month of August, 1923; that since then the plaintiffs on several occasions have made demand upon the defendant personally and by her attorney in fact Saldaña for payment of the $1,000 balance of the said account, but she has not paid it. For these reasons the plaintiffs prayed the court for judgment against the defendant for the sum of $1,000, with legal interest from the 14th of July, 1923, and the costs.

[1] According to these allegations the theory of the complaint is that services having been rendered by the plaintiffs to the defendant and the latter having paid a part of the amount charged by them in the bill and promised to pay the balance in August of 1923, they sue for performance of the obligation accepted by the defendant to pay the remaining $1,000. For this reason, although in the bill the services rendered are mentioned, a detailed specification of each and every service was not necessary, as the appellant contends, because this action is not to recover the reasonable value of the services rendered, but the balance of the account presented to the defendant, which she promised to pay in August of 1923 and has not paid.

[2] The appellant also alleges that the complaint is insufficient in that although it is alleged therein that the bill for fees was rendered to the defendant, it is not said that the bill was delivered to her, and in that although it states that the bill was accepted, it is not said who accepted it. While this is true, yet as the complaint sets forth that the

defendant made a partial payment and promised to pay the balance, giving a liberal interpretation to the complaint we may reach the conclusion that inasmuch as she paid a part and promised to pay the balance, this was due to the fact that the bill was presented to and accepted by her.

[3, 4] The appellant also considers the complaint insufficient because it fails to allege that the attorney in fact accepted in writing or in an authentic document the obligation to make payment, although subdivision 6 of section 1247 of the Civil Code requires a private document for a contract whose amount exceeds $300 and an authentic document for those entered into by an attorney in fact; but the section cited is not applicable to the present case, for although the obligation of the defendant to pay the $1,000 sued for does not appear in writing, it is valid because it does not affect third persons (*Mas* v. *Llona*, 31 P.R.R. 30) and because the complaint does not aver that the attorney in fact accepted any obligation in the name of his principal, but that Rosario Navajas herself promised to pay the balance of the account to which the receipt copied into the complaint refers. For this reason it was not necessary to set forth in the complaint the power of the attorney in fact to bind the principal, which, the appellant contends, renders the complaint insufficient. As a result of what has been said the court below did not commit the error first assigned in this appeal.

[5] The second and third assignments refer to the evidence and it is contended that the court below erred in concluding that as compensation for the professional services rendered it was agreed by the parties that the defendant should pay to the plaintiffs $2,000, and in holding that the defendant paid $1,000 on account and promised to pay the balance, but did not.

The evidence was contradictory, for while that of the plaintiffs tended to show that when the $1,000 was paid

the defendant promised to pay the remaining $1,000, that of the defendant tended to show that she agreed to pay and did pay only $1,000 for the services of the plaintiffs and did not promise to pay the remaining $1,000. The lower court adjusted this conflict in the evidence in favor of the plaintiffs and we find no reason for changing its decision.

[6] The trial court adjudged that the defendant pay interest at the legal rate on $1,000 from July 14, 1923, and this is assigned as error in the fourth ground of appeal.

We do not consider this pronouncement of the judgment erroneous for the reason that it appears from the evidence that on the said date extrajudicial demand was made upon the defendant for the payment of the bill of her attorneys; therefore, since that time she is in default, according to section 1067 of the Civil Code, and is under the obligation imposed by section 1075 of the Code of paying interest at the legal rate.

[7] As regards the last assignment referring to the imposition of costs, we also find that the court's action was justified, inasmuch as it has been shown that the defendant temerariously refused to pay the amount sued for in this action.

The judgment appealed from must be affirmed.